972 F.2d 342
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leslie J. TELFORD, as Parent, Guardian and Next of Friend of
Bernedine Telford and Lance Telford, Plaintiff-Appellant,
and
Leslie J. Telford, Individually; Bonita Telford,
Individually, Plaintiffs,
v.
Michael Vandusen; Richard Vanvleet, Defendants-Appellees.
Leslie J. Telford, as Parent, Guardian and Next of Friend of
Bernedine Telford and Lance Telford; Leslie J.
Telford, Individually; Bonita Telford,
Individually, Plaintiffs-Appellants,
v.
Michael Vandusen; Richard Vanvleet, Defendants-Appellees.
 Nos. 91-3051, 91-1566.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 15, 1992
Decided: August 6, 1992
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore.
 Joseph Cornelius Ruddy, for Appellants.
 Robert James Seminara, CHALOS, ENGLISH & BROWN, P.C., for Appellees.
 Robert J. Brown, CHALOS, ENGLISH & BROWN, P.C., for Appellees, on brief.
 D.Md.
 AFFIRMED.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Leslie and Bonita Telford appeal the order granting summary judgment to the defendants and the order denying their motion to alter or amend judgment. We find no error, and we affirm.
 
 I.
 
 2
 The focus of these appeals is on the district court's ruling that the Telfords failed to show that they had a cause of action under Maryland law for psychological injuries allegedly suffered by their two minor children after they viewed the aftermath of an airplane crash in their backyard. We affirm on the reasoning of the district court. Telford v. Van Dusen, C/A No. MJG-87-2998 (D.Md. Jan. 22, 1991).
 
 II.
 
 3
 The Telfords also argue that they should be allowed to pursue a claim for damages to their property caused by the crash. Their argument in this respect is two-fold: (1) the property-damage claim was contained in their complaint, and, therefore, the court erred in granting summary judgment without ruling on the claim; and (2) the court erred in refusing to rule on the Telfords' post-judgment Rule 59(e) motion to alter judgment and/or to amend the complaint. The first argument is without merit; although there is an oblique reference to the property damage in the body of the complaint, it is nowhere mentioned in the demand for judgment. The general injunction to construe all pleadings so as to "do substantial justice[Fed. R. Civ. P. 8(f) ] does not require courts to conjure up questions never squarely presented to them.... Nor should appellate courts permit ... fleeting references to preserve questions on appeal." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (decided under more liberal rules of construction for pro se pleadings), cert. denied, 475 U.S. 1088 (1986).
 
 
 4
 The Telfords' Rule 59(e) motion attempted to bring their propertydamage claim to the court's attention. The district court refused to entertain the motion because the Telfords had subsequently filed their appeal from the summary judgment. We uphold the district court's refusal to entertain the motion, but on a different basis than that cited by the district court.
 
 
 5
 The general rule is that a timely Rule 59(e) motion must be ruled upon before a valid notice of appeal can be filed. See 6A J. W. Moore, Moore's Federal Practice p 59.09 (2d ed. 1991). The Telfords' motion, however, was untimely; as such, it constitutes no impediment to the appeal. The district court believed that the subsequently-filed appeal deprived the court of jurisdiction to rule on the motion. We agree that the court lacked jurisdiction, but because of the untimeliness of the motion. The filing periods in Rule 59(e) are mandatory and jurisdictional. Id. p 59.09.
 
 AFFIRMED